IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF IMPERIAL PLAZA,<br><br>        Plaintiff,<br><br>   vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>        Defendant. | Civ. No. 11-00758 ACK-KSC |

**ORDER AFFIRMING IN PART AND REVERSING AND REMANDING IN PART THE MAGISTRATE JUDGE'S ORDER AMENDING THE RULE 16 SCHEDULING ORDER**

**PROCEDURAL & FACTUAL BACKGROUND**[1]

This case arises from a dispute between an insurance company and the owners of a property as to whether an insurance agreement covers arsenic damage to the property. For the purposes of considering the current motion, the Court presents a brief factual background.

The Association of Apartment Owners of Imperial Plaza ("Plaintiff" or "Imperial Plaza") owned a building covered by an insurance policy issued by Fireman's Fund Insurance Company ("Defendant" or "FFIC"). Def.'s Mtn. to Amend at 4. The

---

[1] The facts as recited in this Order are for the purpose of disposing of the current appeal and are not to be construed as findings of fact that the parties may rely on in future proceedings.

building suffered damage from, inter alia, floor deflections, wall cracks, and arsenic contamination.  April 9 Motion for Summary Judgment ("MSJ") Order at 23.[2/]  Both parties plan to submit evidence regarding the source of the water that may have caused some of the various types of damage suffered by the building.  Def.'s Mtn. to Amend at 3-5, Plntf.'s Opp. at 2-3.  Plaintiff hired Colin Murphy to conduct tests on the building; Mr. Murphy issued a report on June 9, 2010, indicating that arsenic had contaminated the fourth floor concrete floor slab.  April 9 MSJ Order at 3-4.  Plaintiff tendered a claim to FFIC regarding the damage to the building.  Id at 4, Def.'s Mtn. to Amend at 4.

      Defendant hired a consultant, Allana, Buick, and Bers, Inc. ("ABB") to investigate the damage.  Def.'s Mtn. to Amend at 4.  Mr. Wolf of ABB completed an investigation of the damage to the Building and sent a report to Defendant in 2011.  Def.'s Mtn. to Amend at 6.  Based on the information in Mr. Murphy's and Mr. Wolf's reports, Defendant denied Plaintiff's claim for insurance coverage.  Def.'s Mtn. to Amend at 4.  In October 2011, Mr. Wolf passed away.  Def.'s Mtn. to Amend Ex. A.

      On December 13, 2011, Plaintiff filed a Complaint asking for declaratory relief that Fireman's Fund Insurance

---

[2/] To provide context for the current discovery dispute, the Court uses facts in the record submitted by the parties.

Company ("Defendant" or "FFIC") must pay benefits to Plaintiff under an insurance policy issued by FFIC.  ECF No. 1.

The magistrate judge issued a Federal Rule of Civil Procedure ("Rule") 16 Scheduling Order on April 6, 2012.  ECF No. 15.  The magistrate judge issued an Amended Rule 16 Scheduling Order on May 18, 2012 ("Amended Scheduling Order").  ECF No. 18. The Amended Scheduling Order set deadlines, inter alia, for each party to disclose the identity and written reports under Rule 26(a)(2) of any expert witness the party intended to use at trial.  Id at 2 ¶ 11.  Plaintiff was required to disclose its expert witnesses by October 29, 2012, and Defendant was required to disclose its expert witnesses by November 28, 2012.  Id.  The Amended Scheduling Order also provided that "Disclosure of the identity and written report of any person who may be called solely to contradict or rebut the evidence of a witness identified by another party . . . shall occur within thirty (30) days after the disclosure by the other party."  Id.

On April 4, 2012, Defendant submitted a Rule 26(a)(1) Initial Disclosures statement naming Mr. Wolf or other representatives of ABB as individuals "who may have discoverable information relevant to Defendant's claims and defenses."  ECF No. 13.  At this point in time, Mr. Wolf had been deceased for over five months.  Def.'s Mtn. to Amend Ex. A.

On October 29, 2012, Plaintiff filed its expert witness disclosure for Colin Murphy. ECF No. 19. Plaintiff also asked for, and Defendant agreed to, four separate extensions of time to file Colin Murphy's report, which extended Plaintiff's deadline to November 21, 2012. Plntf.'s Objection at 3, ECF No. 64. Defendant's deadline was consequently extended to December 21, 2013 ("Deadline"). Plaintiff filed Colin Murphy's report on November 20, 2012; in this report, Mr. Murphy noted the existence of three additional probable sources of water that could have caused damage to the building. ECF No. 22; Def.'s Opp. at 6, ECF No. 77. However, Defendant did not file a Rule 26(a)(2) disclosure for any expert witness by the December 21, 2013 Deadline. See ECF Nos. 22-36.

On January 14, 2013, Defendant obtained new counsel, who filed a Motion to Amend the Rule 16 Scheduling Order on January 30, 2013 ("Motion to Amend"). ECF Nos. 33 & 37. The Motion to Amend argued that Defendant had "good cause" to extend the deadline to disclose a replacement expert because Defendant's expert, Mr. Wolf, died in 2011; although Defendant had never disclosed Mr. Wolf as an expert witness under Rule 26(a)(2). Motion to Amend at 6, Ex. A, ECF No. 37-1. Neither party disputes that Mr. Wolf passed away on October 16, 2011, almost two months before Plaintiff filed its Complaint on December 13, 2011. Id at Ex. A, Plntf.'s Appeal at 3, ECF No. 1. Plaintiff

filed an Objection to Defendant's Motion to Amend on March 15, 2013.  ECF No. 64.  Defendant filed a Reply in support of its Motion to Amend on March 19, 2013.  ECF No. 67.

The magistrate judge held a hearing regarding the Motion to Amend on March 25, 2013 and granted Defendant's Motion ("Order Granting Motion to Amend").  ECF Nos. 69 and 76.  Plaintiff timely filed an Appeal of the March 25 Order on April 5, 2013.  ECF No. 73.[3]  Defendant filed an Opposition on April 19, 2013.  ECF No. 77.  The Court determines that this matter may be considered without a hearing under Local Rule 7.2(e).

### **STANDARD**

### I. **Appeal From a Magistrate Judge's Order**

Under Local Rule 74.1, any party may appeal from a magistrate judge's order determining a non-dispositive pretrial matter or, if a reconsideration order has issued, the magistrate judge's reconsideration order on such a matter.  The district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.  See L.R. 74.1; see also 28 U.S.C. §

---

[3] Plaintiff initially filed an appeal of the magistrate judge's oral order issued on March 25, 2013.  ECF No. 73. However, subsequent to Plaintiff's appeal, the magistrate judge issued his written order on April 16, 2013, which corresponds to the oral order.  ECF No. 76.  Plaintiff then filed an appeal of the written order on April 23, 2013.  ECF No. 81.  Plaintiff explained that the appeal should apply to both the oral and the written order.  Accordingly, this Court's current order addresses both of Plaintiff's appeals (ECF Nos. 73 and 81) on the docket.

626(b)(1)(A); Fed. R. Civ. P. 72(a). The district judge may also reconsider sua sponte any matter determined by a magistrate judge. See L.R. 74.1.

Under the "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, this Court is "left with the definite and firm conviction that a mistake has been committed." U.S. v. Hinkson, 585 F.3d 1247, 1260 (9th Cir. 2009)(citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district judge may not simply substitute his or her judgment for that of the magistrate judge. See U.S. v. Hinkson, 585 F.3d 1247, 1261 (9th Cir. 2009). Instead, the scope of review is limited "to determining whether the [] court reached a decision that falls within any of the permissible choices the court could have made." Id. The magistrate judge's findings pass the clear error standard if they are not "illogical or implausible" and have "support in inferences that may be drawn from the facts in the record." Id. (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 577 (1985)).

**II. Amendment of a FRCP 16 Scheduling Order**

Under FRCP Rule 16(b), a modification to a scheduling order may be allowed only for "good cause" and with the judge's consent. This Court may modify a pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the

extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (citing Fed. R. Civ. P. 16 Advisory Committee Notes for the 1983 Amendment). The Ninth Circuit has stated that "the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Allowing parties to disregard the Rule 16 Scheduling Order would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Johnson, 975 F.2d at 610.

## DISCUSSION

**I. Whether Defendant Has Established "Good Cause" to Amend the FRCP 16 Amended Scheduling Order.**

Plaintiff's main argument for reversing the March 25, 2013 Order is that Defendant presented "literally no evidence . . . of any diligence on FFIC's part before the [expert witness disclosure deadline] had passed." Plntf.'s Appeal at 1-2. Plaintiff does not contest the magistrate judge's decision to move the trial date and its associated deadlines. Plntf.'s Appeal at 2.

The Court generally sympathizes with the condition of the case Defendant's new counsel found themselves in, but the Ninth Circuit has set rigid standards of diligence; and courts

have been hesitant to allow new counsel to be excused from deadlines with which their predecessors failed to comply.

The Court concludes that the magistrate judge's failure to consider whether or not Defendant's counsel was diligent in seeking an expert witness before the expiration of the Rule 16 expert witness Deadline is contrary to law.  See Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 675 (D. Haw. 2008) ("A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard."); See also Hunt. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989).  Under the Ninth Circuit standard, a Court must determine if the Rule 16 deadline could not reasonably be met despite a party's diligence.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (citing Fed. R. Civ. P. 16 Advisory Committee Notes for the 1983 Amendment).  Inherent in the standard is the requirement that a court should examine if the deadline could reasonably have been met and the party's diligence in attempting to meet that deadline.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").

Accordingly, a question before the Court in this case is whether Defendant's counsel exerted sufficient diligence to

meet the Deadline to disclose its expert witnesses.[4/]  See Rule 16.  While circumstances prevented Defendant from presenting Mr. Wolf in particular, there are no factual findings regarding Defendant's counsel's diligence to call an expert witness before the Deadline expired.

The fact that Mr. Wolf is deceased does not have as much weight in the diligence factor as Defendant would like the Court to believe.  Based upon the facts in the record, it appears that Defendant's first attempt to contact Mr. Wolf took place on January 24, 2013, which is over thirty days past the Deadline.  Def.'s Motion to Amend ¶ 3, Dec. of Keith Kato.  Plaintiff correctly notes that the record is virtually silent regarding any actions Defendant may have taken in an attempt to meet the Deadline, regardless of whether Mr. Wolf was alive or deceased.  See generally, Def.'s Motion to Amend.

Additionally, the record as currently presented does not establish that Mr. Wolf's death prevented Defendant from meeting the Deadline.  Defendant wants an extension to name an expert witness in place of Mr. Wolf.  Under the standard set in

---

[4/] Defendant also argues that Plaintiff asked for, and Defendant granted, stipulations to extend the time for disclosure. Plntf.'s Opp. at 5.  The Court concludes that, even if this argument supports an amendment of the Rule 16 scheduling order, the district court should examine the diligence of Defendant.  Johnson, 975 F.2d at 609 (9th Cir. 1992) ("the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.").

Johnson, Defendant would need to demonstrate that it could not reasonably have obtained an expert witness in place of Mr. Wolf before the Deadline expired.  In this case, Mr. Wolf had passed away on October 16, 2011, almost two months before Plaintiff filed the Complaint in the instant action and over one year before Defendant's Deadline expired on December 21, 2012.  See ECF No. 1 and ECF No. 18 ¶ 11.

As this Court noted above, the record does not reveal any attempts by Defendant to obtain an expert witness before the Deadline; and "the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), In re Western States Wholesale Natural Gas Antitrust Litigation, – F.3d –, 2013 WL 1449919 (9th Cir. Apr. 10, 2013)(same).  Accordingly, the Court will remand the issue to the magistrate judge for a factual finding regarding Defendant's diligence before the Deadline expired.

Defendant argues in its opposition to the appeal that Plaintiff had knowledge of Mr. Wolf's role in the investigation of Plaintiff's insurance claim before the lawsuit was filed.  Def.'s Opp. at 13.  However, knowledge of the existence of a potential expert witness does not comply with FRCP 26(a)(2)(B), which lists the requirements for expert witness disclosure.  See

Soriano v. Wal-Mart Stores, Inc., Civ. No. 10-00023 SOM-LEK, 2010 WL 5464873 (D. Haw. 2010) (rejecting party's argument that initial disclosures were sufficient to meet expert witness disclosure deadline).

Defendant also argues that new counsel entered an appearance in this case on January 10, 2013, less than a month after the Deadline had passed.  Def.'s Opp. at 10.  The Court is certainly sympathetic to Defendant's counsel's predicament of stepping into the shoes of the previous counsel.  However, this reason does not address the legal requirement that a party must show that the Deadline could not have been reasonably met.  See Alvarado Orthopedic Research, L.P. v. Linvatec Corp., Civ. No. 11cv0246 IEG (RBB) (S.D. Cal. 2012) (noting that the arrival of new counsel does not merit an extension of case deadlines); Yeager v. Yeager, Civ. No. 2:06-CV-001196 JAM-EFB (E.D. Cal. 2009)(same); Harshaw v. Bethany Christian Services, No 1:08-cv-104 2010 WL 8032038 (W.D. Mich. 2010) ("The defendants may not simply ignore the lack of diligence of their former counsel on this score and shift the focus to the diligence of their new counsel.").

Defendant urges this Court to follow Himmelfarb v. JP Morgan Chase Bank Nat. Ass'n, Civ. No. 10-00058 DAE-KSC, 2011 WL 4498975 (D. Haw. 2011).  In Himmelfarb, the district court allowed new counsel to extend the deadline to file a

counterclaim. Id at *3.[5/] However, the decision does not address how the appearance of new counsel meets the Ninth Circuit's diligence standard that requires an examination of the efforts counsel attempted before the deadline passed. See Johnson, 975 F.2d at 609; see also, In re Western States Wholesale Natural Gas Antitrust Litigation, – F.3d –, 2013 WL 1449919 (9th Cir. Apr. 10, 2013) (citing Johnson, 975 F.2d at 609) (affirming Johnson's holding that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment").

The Court observes, however, that Himmelfarb cites to C.F. ex rel. Farnan v. Capistrano Unified School Dist., in which the Ninth Circuit amended a Rule 16 scheduling order to allow a defendant to amend his answer. 654 F.3d 975 (9th Cir. 2011). The court in that case found that the issuance of a summary judgment order changed the "tenor of the case" significantly, justifying an amendment of the scheduling order. Id at 984. Defendant in this case argues that Plaintiff's expert witness report filed on November 20, 2012 noted three additional probable sources of water that could have caused the damage to the building; these three additional sources disclosed in Plaintiff's

---

[5/] For other cases that reach a similar result to Himmelfarb, see Young v. Cate, No. CIV S-11-2491 KJM-JFM, 2012 WL 3205231 (E.D. Cal. 2012) and Millenkamp v. Davisco Foods Int'l, No. CV 03-439-S-EJL, 2005 WL 1863183 (D. Idaho 2005).

November 20, 2012 report were not previously disclosed to Defendant or mentioned in Plaintiff's earlier reports.  Def.'s Opp. at 6, ECF No. 77.

On remand, the magistrate judge may consider whether, according to C.F., good cause exists for extending the deadline in light of the additional sources of water mentioned in Plaintiff's November 20, 2012 report.  Compare Large v. Regents of the University of California, No. 2:08-cv-02835-MCE-DAD, 2012 WL 3647485 (E.D. Cal. 2012)(finding good cause to amend the scheduling order based on new facts presented in the case) with Cueto v. Overseas Shipholding Group, Inc., Civil No. 10cv1243 LAB(NLS), 2012 WL 28357 (S.D. Cal. 2012)(denying request for amendment of scheduling order despite new facts submitted in plaintiff's expert witness reports because of defendant's lack of diligence).

As mentioned previously, the record is silent regarding Defendant's previous counsel's efforts to disclose expert witnesses before the deadline passed.  Accordingly, the Court REMANDS this discovery dispute to the magistrate judge for an evidentiary hearing regarding whether good cause exists under Rule 16 according to the principles above.  Additionally, in the event that good cause is not found, the magistrate judge should determine whether alternative sanctions under Rule 16(f) would be more appropriate than denying Defendant the opportunity to


present an expert witness at trial. See Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997). The court has discretion under the Federal Rules of Civil Procedure to issue alternative penalties such as monetary sanctions and to provide sufficient time to Plaintiff to prevent any resulting prejudice. Id; see also AZ Holding, L.L.C. v. Frederick et al., No. CV-08-0276-PHX-LOA, 2009 WL 2432745 (D. Ariz. 2009).

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the magistrate judge's Order Granting Defendant Fireman's Fund Insurance Company's Motion to Amend Rule 16 Scheduling Order (ECF Nos. 69 & 76) except for the portions referring to the expert witness disclosure deadlines, which the Court REMANDS to the magistrate judge to be addressed according to the principles set forth in this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 16, 2013.

_____
Alan C. Kay
Sr. United States District Judge

Ass'n of Apartment Owners of Imperial Plaza v. Fireman's Fund Ins. Co., Civ. No. 11-00758 ACK-KSC: ORDER AFFIRMING IN PART AND REVERSING AND REMANDING IN PART THE MAGISTRATE JUDGE'S ORDER AMENDING THE RULE 16 SCHEDULING ORDER.